# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADLER SCHOOL OF PROFESSIONAL PSYCHOLOGY, INC., <br><br>    Plaintiff, <br><br>vs. <br><br>LINDA PAGE, doing business as ADLER SCHOOL OF PROFESSIONAL PSYCHOLOGY, ONTARIO, <br><br>    Defendant. | Case No. 08 C 5925 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Adler School of Professional Psychology, Inc. (Adler Chicago) has sued Linda Page (Page) for breach of contract, account stated, and unjust enrichment. Page has moved for summary judgment on all of Adler Chicago's claims. For the reasons stated below, the Court denies Page's motion.

## Background

This is a diversity suit. Adler Chicago is an Illinois not-for-profit corporation. It offers doctoral and master's programs in psychology and behavioral sciences. Page is a Canadian citizen residing and working in Toronto, Ontario. She is affiliated with the Adler School of Professional Psychology, Ontario (Adler Ontario).

It appears that in February 1993, the first directors of Adler Ontario incorporated that entity as a not-for-profit corporation in Ontario, Canada. On the application for incorporation, the "applicants who are to be the first directors of the Corporation" are

listed as Wendy Bonus, Malika Hollander, and Robert Hart.  Def.'s Mot. for Summ. J., Ex. A ¶ 5.  Page's name does not appear anywhere on the application.

In May 1995, Adler Chicago and Page/Adler Ontario entered into an agreement that allowed Adler Ontario to operate as a satellite school for Adler Chicago in return for Adler Ontario making payments to Adler Chicago.  *See* Compl., Ex. A, pp. 1-4.  Specifically, section 1(h) of the agreement states that "Adler Ontario will collect and remit to Adler Chicago a fee of CDN$60.00 per student credit hour transferred (payable, however, in U.S. dollars rounded to the next higher even dollar amount)."  *Id*., Ex. A ¶ 1(h).

On January 12, 1999, Page sent a memorandum to Randall Thompson, then the president of Adler Chicago, summarizing the results of a meeting between Page and Thompson the previous day.  *Id.,* Ex. A, p. 5.  In the memorandum, Page states that they had agreed to "make every attempt to reconcile our respective records of both due and payable and payable but not due credit transfer fees by the fiscal year end."  *Id.* Page states that they also agreed that the remittance fee per credit hour would be paid based on the current exchange rate, which was USD$40.00 for the 1998-1999 year.  *Id.* Page also states in the memorandum that "Adler Ontario will make every effort to forward to Adler Chicago USD40 per credit by 90 days after completion of courses."  *Id.*

Adler Chicago alleges that Page failed to pay the remittance fee for hundreds of student credit hours and that Page is liable to Adler Chicago for approximately $180,000.00 in past due student credit hour remittances.  Compl. ¶¶ 8-9.  Adler Chicago originally sued "Linda Page d/b/a Adler School of Professional Psychology, Ontario."  Page has moved for summary judgment, arguing that she is improperly sued as an

individual. Page filed her motion in lieu of an answer, before any opportunity for discovery. The Court notes that Adler Chicago has since filed an amended complaint naming Adler Ontario as an additional defendant.

## Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 633 (7th Cir. 2009). When determining whether a genuine issue of material fact exists, the Court must view the evidentiary record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *see also Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 471 (7th Cir. 2002). Assessment of credibility and weighing of evidence are, however, issues of fact to be determined by the trier of fact, not by the Court on a motion for summary judgment. *See Anderson*, 477 U.S. at 255.

Page's liability in this case turns largely on whether she signed the agreement with Adler Chicago as an individual or only as a representative of Adler Ontario. The agreement states that it is "between the Adler School of Professional Psychology, an Illinois Not-For-Profit Corporation ('Adler Chicago'), and the Adler School of Professional Psychology, Ontario ('Adler Ontario')." The signature line on the agreement, however, reads as follows:

ACCEPTED:

By:     /s Linda Page
    Linda Page, d/b/a
  ADLER SCHOOL OF PROFESSIONAL
    PSYCHOLOGY, ONTARIO

Compl., Ex. A.

      If an individual signs a contract in her own name purportedly on behalf of an entity whose corporate identity is not referenced in the contract, then the individual may be held personally liable, even if she happens to be the owner or a director of the entity. *See, e.g., Zella Wahnon & Assocs. v. Bassman,* 79 Ill. App. 3d 719, 724, 398 N.E.2d 968, 971 (1979). By contrast, when a corporate officer or an agent for a disclosed principal signs a contract in which her affiliation accompanies her signature, then unless the contract contains evidence of contrary intent, the officer is not personally bound. *See Wottowa Ins. Agency v. Bock*, 104 Ill. 2d 311, 315, 472 N.E.2d 411, 413 (1984); *Ameritech Publ'g of Ill., Inc. v. Hadyeh*, 362 Ill. App. 3d 56, 62, 839 N.E.2d 625, 632 (2005). If, on the other hand, the body of the document conflicts with the apparent representation near the officer's signature, there is an issue of fact regarding the purported agent's intent. *See Wottowa Ins. Agency*, 104 Ill. 2d at 316, 472 N.E.2d at 413.

      The Court cannot say as a matter of law that Page signed the agreement only as an agent of a corporation. First of all, though the agreement refers to an entity, Adler Ontario, nothing in the agreement identifies Adler Ontario as a corporation. The agreement clearly identifies the other contracting party, Adler Chicago, as a corporation, but it refers to Adler Ontario simply as "Adler School of Professional Psychology, Ontario," without identifying its form of organization. Second, the notation below the line

where Page signed the agreement suggests that Adler Chicago might be a proprietorship, not a corporation – it refers to "Linda Page, d/b/a Adler School of Professional Psychology, Ontario."

Page relies on evidence extrinsic to the contract to support her contention that she signed only as an officer of Adler Ontario, a corporation. There is a question whether extrinsic evidence is admissible. Under Illinois law, there is a presumption that the person who signs a contract is personally liable on the contract unless there is something on the face of the contract or the manner of signature to create an ambiguity or uncertainty regarding that point. *See Bank of Pawnee v. Joslin*, 166 Ill. App. 3d 927, 935, 521 N.E.2d 1177, 1183 (1988). And if an agent signs in his own name a contract that does not mention the existence of an agency or the identity of a principal, extrinsic evidence is inadmissible to refute the purported agent's personal liability. *Id.* In this case there is an arguable ambiguity. On the one hand, Page signed the agreement in her own name and identified Adler Ontario only as a name under which she did business, not as a corporate entity. On the other hand, the agreement says it is between Adler Chicago and "Adler School of Professional Psychology, Ontario," and it refers repeatedly to the obligations of Adler Ontario. That said, the extrinsic evidence that Page has offered does not resolve the manner in a way that entitles her to summary judgment. Page offers evidence that Adler Ontario was in fact a corporation at the time of the agreement, and she states in affidavit that since the corporation's formation in February 1993, she has acted as a corporate director and that she signed the agreement "as Director and on behalf of" Adler Ontario. Page Affid. ¶ 3. The corporate documents she submits, however, identify only a different person, Wendy

Bonus, as a director, and they nowhere mention Page or that she was a director.

Under the circumstances, and because the case is at such an early stage, summary judgment is inappropriate.

## Conclusion

For the reasons stated above, the Court denies Page's motion for summary judgment [docket no. 20]. The case is set for a status hearing on August 24, 2009, for the purpose of setting a discovery schedule. The parties are directed to confer prior to that date to attempt to agree on a schedule to propose to the Court.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 10, 2009